UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Iceotope Group Limited, | Case No. 20-cv-2644 (WMW/JFD) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| LiquidCool Solutions, Inc., | |
| Defendant. | |

---

In this patent dispute, Plaintiff Iceotope Group Limited (Iceotope) claims that the inventorship on two United States patents owned by Defendant LiquidCool Solutions, Inc. (LiquidCool) is erroneous and must be corrected. This matter is before the Court on LiquidCool's motion to dismiss the complaint for failure to state a claim on which relief can be granted. (Dkt. 13.) For the reasons addressed below, LiquidCool's motion to dismiss is granted.

## BACKGROUND

Iceotope is a private limited company, organized under the laws of England and Wales, based in the United Kingdom. LiquidCool is a Minnesota corporation based in Rochester, Minnesota. Both Iceotope and LiquidCool develop liquid-cooling technology designed to remove heat from information technology equipment.

LiquidCool owns United States Patent Nos. 10,390,458 (the '458 Patent) and 10,609,839 (the '839 Patent) (collectively, the LiquidCool Patents), which pertain to liquid submersion cooling systems. The '458 Patent issued on August 20, 2019, and has

a priority date of September 20, 2017, when LiquidCool filed a provisional patent application. The '839 Patent issued on March 31, 2020, and has a priority date of September 28, 2018, when LiquidCool filed the patent application. The LiquidCool Patents each list four LiquidCool employees as the inventors.

Iceotope has applied for and obtained multiple patents pertaining to its liquid immersion cooling technology. In particular, Iceotope owns two United Kingdom patents with publication dates in August 2019, which list two Iceotope employees, Neil Edmunds and Andrew Young, as the inventors. Iceotope also has filed two Patent Cooperation Treaty (PCT) applications with the United States Patent and Trademark Office. The first of these PCT applications has a publication date of May 31, 2018, and lists Iceotope employees Edmunds, Young and David Amos as the inventors. The second of these PCT applications has a publication date of March 14, 2019, and lists Iceotope employees Amos, Edmunds, Young, Jasper Kidger and Nathan Longhurst as the inventors. In addition to these patents and patent applications, Iceotope has described its inventions and technology in two undated white papers.

Iceotope commenced this action in December 2020, alleging that the inventions claimed in the LiquidCool Patents were not invented by LiquidCool but instead were invented by Iceotope and described in Iceotope's patents, patent applications, and whitepapers. Iceotope seeks to have the inventorship of the LiquidCool Patents changed to reflect that Iceotope's employees were the true inventors of the subject matter claimed in the LiquidCool Patents, pursuant to 35 U.S.C. § 256. Count I of Iceotope's complaint

alleges that the inventions described in the '458 Patent were conceived by Iceotope employees Amos, Edmunds, Young, Kidger, and Longhurst, and seeks an order requiring the '458 Patent to be corrected to replace the LiquidCool employees with the Iceotope employees as the named inventors. In the alternative, Iceotope alleges that that its five employees should be added to the '458 Patent as co-inventors. Count II of Iceotope's complaint alleges the same facts, and seeks the same relief, with respect to the '839 Patent. LiquidCool now moves to dismiss the complaint for failure to state a claim on which relief can be granted.

## ANALYSIS

A complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint fails to state a claim on which relief can be granted, dismissal is warranted. Fed. R. Civ. P. 12(b)(6). When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions couched as factual allegations also may be disregarded. *See id*. When a complaint "pleads facts that are merely consistent with a

3

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). On a motion to dismiss, a district court may consider the complaint, exhibits attached to the complaint, and documents that are necessarily embraced by the complaint, without converting the motion into one for summary judgment. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

Iceotope's complaint asserts two correction-of-inventorship claims under 35 U.S.C. § 256, which provides:

> **(a) Correction.**--Whenever through error a person is named in an issued patent as the inventor, or through error an inventor is not named in an issued patent, the Director may, on application of all the parties and assignees, with proof of the facts and such other requirements as may be imposed, issue a certificate correcting such error.
>
> **(b) Patent Valid if Error Corrected.**--The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly.

35 U.S.C. § 256. "This section provides a cause of action to interested parties to have the inventorship of a patent changed to reflect the true inventors of the subject matter claimed in the patent." *CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1358 (Fed. Cir. 2019) (internal quotation marks omitted). "Section 256 addresses two types of inventorship errors—misjoinder and nonjoinder." *Id.* "Misjoinder is the error of naming a person as an inventor who is not an inventor; nonjoinder is the error of omitting an

4

inventor." *Id.* By asserting misjoinder and nonjoinder together, a plaintiff may seek "complete substitution of inventors" under Section 256. *Id.* (internal quotation marks omitted).

Here, Iceotope seeks complete substitution of inventors on the LiquidCool Patents to correct an alleged error of both misjoinder and nonjoinder. Iceotope seeks, in the alternative, the addition of co-inventors on the LiquidCool Patents to correct an alleged error of nonjoinder. The Court addresses, in turn, the sufficiency of Iceotope's allegations pertaining to each alleged inventorship error.

### I.     Complete Substitution of Inventors

Iceotope alleges that five of its employees are the sole inventors of the inventions claimed in the LiquidCool Patents and that, therefore, the named inventors on the LiquidCool Patents should be removed and replaced with the names of the five Iceotope employees.

If a patent erroneously names a person as an inventor who is not an inventor (misjoinder) *and* erroneously omits an inventor (nonjoinder), a plaintiff can seek "complete substitution of inventors" under Section 256. *CODA*, 916 F.3d at 1358 (internal quotation marks omitted). To state a claim for complete substitution of inventors under Section 256, a plaintiff must plausibly allege facts demonstrating that (1) the erroneously omitted inventor conceived the invention claimed in the patent *and* (2) the named inventor on the patent did *not* conceive the invention. *See id.* at 1359 (evaluating whether the facts alleged in the complaint allow the reasonable inference that

the plaintiff's chief executive officer conceived the invention of the disputed patent *and* that the named inventors on the patent did not). Here, LiquidCool contends that Iceotope's complaint fails to plausibly allege either element.[1]

### A. Erroneous Omission

To state a claim for complete substitution of inventors, Iceotope must first allege that its five employees conceived the inventions claimed in the LiquidCool Patents and were erroneously omitted as inventors. *See id.*

"Inventorship is a question of who actually invented the subject matter claimed in a patent." *Acromed Corp. v. Sofamor Danek Grp., Inc.*, 253 F.3d 1371, 1379 (Fed. Cir. 2001) (internal quotation marks omitted). "Conception is the touchtone of inventorship." *Id.* (internal quotation marks omitted). As such, "each person claiming to be a joint inventor must have contributed to the conception of the invention." *Id.* A joint inventor "need not make the same type or amount of contribution to the invention" and "need not make a contribution to every claim of a patent." *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998) (internal quotation marks omitted). But a person "who

---

[1] LiquidCool argues that Iceotope also must allege that its employees collaborated with LiquidCool's employees to state a claim for complete substitution of inventors. Some courts have suggested that collaboration is an element of a substitution-of-inventors claims. *See, e.g.*, *Rubin v. Gen. Hosp. Corp.*, 2011 WL 1625024, at *10–12 (D. Mass. Apr. 28, 2011). Such a requirement seems to be at odds with the other elements of a substitution-of-inventors claim, which require a plaintiff to allege that the named inventor had *no role* in conceiving the invention. *See CODA*, 916 F.3d at 1359. It is unclear how a plaintiff can plead that an individual had no role in conceiving an invention yet nonetheless collaborated with the true inventor in conceiving the invention. But the Court need not resolve this apparent inconsistency because, for the reasons addressed below, Iceotope fails to state a claim for complete substitution of inventors on other grounds.

simply provides the inventor with well-known principles or explains the state of the art without ever having a firm and definite idea of the claimed combination as a whole does not qualify as a joint inventor." *Id.* (internal quotation marks omitted).

Here, Iceotope's complaint alleges that the inventions claimed in the LiquidCool Patents were conceived by five Iceotope employees—namely, Amos, Edmunds, Young, Kidger and Longhurst. This conclusory allegation, without more, is insufficient to plausibly allege conception by these five individuals. *See Twombly*, 550 U.S. at 555 (holding that "labels and conclusions" are insufficient to survive a motion to dismiss, as is a "formulaic recitation of the elements of a cause of action"). Iceotope must allege facts that, if proven, would establish that its five employees conceived the inventions claimed in the LiquidCool Patents. Although "conception of an entire invention need not be reflected in a single source," each purported inventor "must contribute to the joint arrival at a definite and permanent idea of the invention as it will be used in practice." *Univ. of Pittsburgh v. Hedrick*, 573 F.3d 1290, 1298 (Fed. Cir. 2009). As such, Iceotope must allege that its five employees—Amos, Edmunds, Young, Kidger and Longhurst—contributed to the conception of the inventions claimed in the LiquidCool Patents.

The complaint alleges generally that the LiquidCool Patents include claim limitations that have been disclosed or claimed in Iceotope's "patents, [patent] applications, and Whitepapers." But Iceotope's complaint does not specify what individual contributions Amos, Edmunds, Young, Kidger or Longhurst made to Iceotope's inventions, let alone how those contributions correlate to the inventions

7

claimed in the LiquidCool Patents. Instead, the complaint alleges that each of these five Iceotope employees made some unspecified contribution to an assortment of Iceotope's patents or patent applications.[2] These vague allegations do not plausibly establish that Amos, Edmunds, Young, Kidger and Longhurst had a firm and definite idea of the combination of claim limitations in the LiquidCool Patents. *See Ethicon*, 135 F.3d at 1460; *see also Eastman v. Apple, Inc.*, No. 18-cv-05929-JST, 2019 WL 1559015, at *3 (N.D. Cal. Apr. 10, 2019) (granting motion to dismiss Section 256 claim when the plaintiff failed to plausibly allege a relationship between the purported inventor's conceived invention and the invention claimed in the defendant's patent).

For these reasons, Iceotope has not plausibly alleged that its five employees conceived the inventions claimed in the LiquidCool Patents and were erroneously omitted as inventors.

B.     **Erroneous Inclusion**

Even if Iceotope had plausibly alleged that its five employees conceived LiquidCool's inventions and were erroneously omitted as inventors, Iceotope also must

---

[2]     Moreover, although the complaint attempts to establish a connection between the LiquidCool Patents and Iceotope's patents, patent applications and whitepapers, Iceotope's five employees did not uniformly contribute to those Iceotope documents. The inventors on Iceotope's issued patents include only Edmunds and Young. The inventors on one of Iceotope's patent applications include only Edmunds, Young and Amos. Iceotope's "Whitepapers," of which there are two, do not list Amos, Edmunds, Young, Kidger *or* Longhurst as authors. These allegations reflect only tenuous connections between these five individuals and the conception of Iceotope's inventions, not the requisite connection between these five individuals and the conception of LiquidCool's inventions.

8

allege that the named inventors on the LiquidCool Patents did *not* conceive the claimed inventions and were erroneously included as inventors.  See *CODA*, 916 F.3d at 1359.

"The inventors named in an issued patent are presumed correct, and a party alleging misjoinder of inventors must prove its case by clear and convincing evidence." *Univ. of Pittsburgh*, 573 F.3d at 1297 (citing *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1358 (Fed. Cir. 2004)).  In doing so, the party alleging misjoinder "must also show that the persons to be removed did not contribute to the invention of any of the allowed claims."  *Id.*  As such, Iceotope must allege facts that, if true, would overcome the presumption that the inventors named on the LiquidCool Patents contributed to the conception of the inventions claimed in the LiquidCool Patents.

Iceotope's complaint alleges that the inventions claimed in the LiquidCool Patents "were actually invented by Iceotope, not by [LiquidCool]."  This conclusory allegation is insufficient to plausibly allege that the named inventors, who are presumptively correct, did not contribute to conceiving the inventions claimed in the LiquidCool Patents.  The complaint also alleges that LiquidCool's employees had *knowledge* of Iceotope's patents, patent applications and whitepapers when they applied for the LiquidCool Patents.  But LiquidCool's mere knowledge about Iceotope's inventions and technology does not support a reasonable inference that LiquidCool's employees contributed nothing to conceiving the inventions claimed in the LiquidCool Patents.[3]

---

[3]  To the extent that Iceotope seeks to prove that it was the first to invent the technology claimed in the LiquidCool Patents, this argument is misplaced because the first-to-invent rule is no longer the law.  See *Biogen MA, Inc. v. Japanese Found. for*

9

The Federal Circuit's decision in *CODA Development* is instructive. In that case, the Federal Circuit concluded that the plaintiffs' claims for correction of inventorship were plausible because the complaint alleged "highly specific facts" demonstrating that the named inventors had *not* conceived the invention at issue. *CODA Dev.*, 916 F.3d at 1359. In particular, the complaint alleged that the named inventors—employees of Goodyear Tire & Rubber Co.—previously failed at developing the technology at issue, were eager to meet with the plaintiffs and took unauthorized photographs of plaintiffs' functional prototype. *Id.* Thereafter, the complaint alleged, the named inventors distanced themselves from the plaintiffs around the time that they filed for the patent. *Id.* In addition, a former employee of Goodyear sent an unsolicited email to the plaintiffs asserting that Goodyear had "copied" the plaintiffs' technology. *Id.* at 1354. The Federal Circuit concluded that "these and other highly specific facts . . . allow the reasonable inference that [plaintiff's employee] conceived the invention of the [disputed] patent and that [Goodyear's employees] did not." *Id.* at 1359.

In contrast to the complaint in *CODA Development*, which included multiple highly specific factual allegations about the conception of the disputed invention, Iceotope's complaint includes only one extremely vague factual allegation as to this issue. Iceotope's complaint alleges that the named inventors on the LiquidCool Patents

---

*Cancer Rsch.*, 785 F.3d 648, 654 (Fed. Cir. 2015) (observing that the America Invents Act "changed the patent system, among other things, from a first-to-invent to a first-inventor-to-file regime for determining patent priority"). Moreover, even under the first-to-invent rule, the Federal Circuit recognized that a claim seeking complete substitution of inventors under Section 256 is an improper method of resolving a priority-of-invention dispute. *Rubin v. Gen. Hosp. Corp.*, 523 F. App'x 719, 722 (Fed. Cir. 2013).

"were aware of Iceotope's inventions and technology at the time that the [patent] applications were filed." Even accepting this allegation as true, mere knowledge about Iceotope's technology does not plausibly demonstrate that LiquidCool's employees did not contribute to conceiving the inventions claimed in the LiquidCool Patents. *See Iqbal*, 556 U.S. at 678 (holding that, when a complaint "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief" (internal quotation marks omitted)). This is particularly true in light of the legal presumption that the inventors named on the LiquidCool Patents *did* conceive the inventions, and Iceotope's heavy burden to overcome that presumption. *See Ethicon*, 135 F.3d at 1460 ("Patent issuance creates a presumption that the named inventors are the true and only inventors.").

Moreover, even if mere knowledge about Iceotope's technology were sufficient to support a reasonable inference that LiquidCool's employees did not conceive the disputed inventions, Iceotope's allegations as to knowledge lack plausibility. Iceotope's complaint alleges that the named inventors on the LiquidCool Patents knew about Iceotope's technology based on their knowledge of Iceotope's patents, patent applications and whitepapers. But most of Iceotope's patents, patent applications and whitepapers contain publication dates that occurred *after* LiquidCool filed applications for the LiquidCool Patents.[4] This fact significantly undermines the plausibility of Iceotope's

---

[4] Iceotope argues that the Court cannot consider these facts because they are outside the pleadings. But in addition to the allegations in the complaint, the Court may consider exhibits attached to the complaint and documents that are necessarily embraced by the

11

allegations that the named inventors on the LiquidCool Patents had knowledge of and copied Iceotope's technology before applying for the LiquidCool Patents.[5]

For these reasons, Iceotope has not plausibly alleged that the named inventors on the LiquidCool Patents did *not* conceive of the claimed inventions and were erroneously included as inventors. Accordingly, because Iceotope has not plausibly alleged either of the two essential elements of its substitution-of-inventors claims, LiquidCool's motion to dismiss on this basis is granted.

**II.   Nonjoinder**

In addition to seeking complete substitution of inventors on the LiquidCool Patents, Iceotope pleads in the alternative that its five employees should be added to the LiquidCool Patents as joint inventors because they were erroneously omitted.[6]

---

complaint. *Mattes*, 323 F.3d at 697 n.4. The Court also may consider public records that are not subject to reasonable dispute. Fed. R. Evid. 201(b); *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007). Although the parties might dispute the contents of some of these documents, Iceotope has not demonstrated that the *publication dates* on the face of these public records are subject to reasonable dispute. Moreover, Iceotope's complaint does not allege that LiquidCool somehow obtained Iceotope's patents, patent applications or whitepapers prior to the publication dates on these documents.

[5]   Iceotope contends that its patents have earlier priority filing dates. But the complaint does not allege that LiquidCool obtained access to Iceotope's non-public patent applications before those applications were published. As such, the priority filing dates of Iceotope's patents are irrelevant.

[6]   Iceotope correctly observes that a plaintiff may plead inconsistent claims in the alternative. *See* Fed. R. Civ. P. 8(d)(3). But this general rule of pleading does not excuse a plaintiff from the requirement to state a facially plausible claim to relief. *See U.S. Bank Nat'l Ass'n v. San Antonio Cash Network*, 252 F. Supp. 3d 714, 720 (D. Minn. 2017) (observing that "each claim pleaded by [the plaintiff]—even if alleged in the alternative—must be *plausible*" (citing *Twombly*, 550 U.S. at 547)).

Nonjoinder is the error of omitting a joint inventor on a patent. *CODA Dev.*, 916 F.3d at 1358. To be added to a patent, "a joint inventor must contribute to the invention's conception." *Id.* "Further, with regard to joint inventorship, there must be some quantum of collaboration." *Id.* at 1359 (internal quotation marks omitted). To satisfy this requirement, "the alleged joint inventor seeking to be listed on a patent must demonstrate that his [or her] labors were conjoined with the efforts of the named inventors." *Eli Lilly*, 376 F.3d at 1359. Joint inventorship can arise only "when the inventors have some open line of communication during or in temporal proximity to their inventive efforts." *Id.*

Here, the complaint lacks *any* allegations pertaining to collaboration. Indeed, Iceotope concedes this point in its brief, repeatedly asserting that "Iceotope does not allege that it collaborated with Defendant in any manner." And at the hearing on LiquidCool's motion to dismiss, Iceotope represented to the Court that it is no longer asserting joint inventorship. Because Iceotope does not allege—plausibly or otherwise—that its employees collaborated with LiquidCool or its employees in any way, Iceotope's alternative claim for erroneous nonjoinder fails as a matter of law.

Accordingly, LiquidCool's motion to dismiss Iceotope's alternative claims for erroneous nonjoinder is granted.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

13

1.  Defendant LiquidCool Solutions, Inc.'s motion to dismiss, (Dkt. 13), is **GRANTED**.

2.  Plaintiff Iceotope Group Limited's complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  January 24, 2022                    s/Wilhelmina M. Wright
                                            Wilhelmina M. Wright
                                            United States District Judge