UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Iceotope Group Limited,                                           Case No. 20-cv-2644 (WMW/JFD)

                     Plaintiff,

                                                                  **ORDER**

        v.

LiquidCool Solutions, Inc.,

                     Defendant.

---

This matter is before the Court on Defendant's motions for sanctions, attorneys' fees and costs.  (Dkts. 47, 50.)  Plaintiff opposes Defendant's motions.  For the reasons addressed below, Defendant's motions are granted in part and denied in part.

## BACKGROUND

Iceotope Group Limited (Iceotope) is a private limited company, organized under the laws of England and Wales, based in the United Kingdom.  LiquidCool Solutions, Inc. (LiquidCool), is a Minnesota corporation based in Rochester, Minnesota.  Both Iceotope and LiquidCool develop liquid-cooling technology designed to remove heat from information technology equipment.

LiquidCool owns United States Patent Nos. 10,390,458 (the '458 Patent) and 10,609,839 (the '839 Patent) (collectively, the LiquidCool Patents), which pertain to liquid immersion cooling systems.  Iceotope also has applied for and obtained multiple patents pertaining to its liquid immersion cooling technology.  In addition to these patents

and patent applications, Iceotope has described its inventions and technology in two undated whitepapers.

Iceotope commenced this action in December 2020, alleging that the inventions claimed in the LiquidCool Patents were not invented by LiquidCool but instead were invented by Iceotope and described in Iceotope's patents, patent applications, and whitepapers. Iceotope sought to have the inventorship of the LiquidCool Patents changed, pursuant to 35 U.S.C. § 256, to reflect that Iceotope's employees were the true inventors of the subject matter claimed in the LiquidCool Patents. In Count I of the complaint, Iceotope alleged that the inventions described in the '458 Patent were conceived by several Iceotope employees and sought an order requiring the '458 Patent to be corrected to replace the LiquidCool employees with the Iceotope employees as the named inventors. In the alternative, Iceotope alleged that that its five employees should be added to the '458 Patent as co-inventors. In Count II of the complaint, Iceotope alleged the same facts, and sought the same relief, with respect to the '839 Patent.

LiquidCool moved to dismiss the complaint for failure to state a claim on which relief can be granted. In a January 24, 2022 Order, this Court concluded that Iceotope had not plausibly alleged that its employees conceived the inventions claimed in the LiquidCool Patents and were erroneously omitted as inventors. The Court also concluded that Iceotope had not plausibly alleged that the named inventors on the LiquidCool Patents did *not* conceive the claimed inventions and were erroneously included as inventors. Accordingly, because Iceotope had not plausibly alleged either of

2

the two essential elements of its substitution-of-inventors claims, the Court granted LiquidCool's motion to dismiss these claims. In addition, because Iceotope had not alleged—plausibly or otherwise—that its employees collaborated with LiquidCool or its employees in any way, the Court concluded that Iceotope's alternative claim for erroneous nonjoinder based on co-inventorship failed as a matter of law.

LiquidCool now moves for sanctions, attorneys' fees and costs, arguing that Iceotope knew or should have known that its claims were not warranted by law and that its factual allegations lacked evidentiary support. Iceotope opposes LiquidCool's motions.

## ANALYSIS

LiquidCool moves for attorneys' fees and costs as a sanction, arguing that Iceotope violated Rule 11(b), Fed. R. Civ. P., by commencing this lawsuit based on legal contentions unwarranted by existing law and factual contentions that lack evidentiary support. LiquidCool also contends that Iceotope's attorneys should be required to personally satisfy any award of attorneys' fees and costs pursuant to Title 28, United States Code, Section 1927, because Iceotope engaged in unreasonable and vexatious litigation conduct. The Court addresses each argument in turn.

### I.    Rule 11 Sanctions

LiquidCool argues that Iceotope violated Rule 11(b), Fed. R. Civ. P., by commencing a legally and factually baseless lawsuit.

By presenting to a court any pleading, motion or other document, an attorney certifies that its "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and that any "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(2)–(3). To fulfill this obligation, Rule 11 requires counsel to "conduct a reasonable inquiry of the factual and legal basis for a claim before filing." *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003); *accord* Fed. R. Civ. P. 11(b).

If a court determines that Rule 11(b) has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). And "a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee," unless exceptional circumstances exist. *Id.* An attorney is subject to sanctions if a "reasonable and competent" attorney would not believe in the merit of a claim or argument presented to the court. *Coonts*, 316 F.3d at 753 (internal quotation marks omitted). Sanctions imposed under Rule 11 may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). But a sanction imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable

4

conduct by others similarly situated." *Id.* Awarding sanctions under Rule 11 is within a district court's discretion. *Coonts*, 316 F.3d at 753.

Here, LiquidCool contends that Iceotope violated Rule 11(b) in two distinct ways. First, LiquidCool argues that Iceotope knew or should have known that the factual contentions in support of its substitution-of-inventors claims lacked evidentiary support and that further investigation or discovery would not likely lead to such evidentiary support. *See* Fed. R. Civ. P. 11(b)(3). Second, LiquidCool argues that Iceotope knew or should have known that the legal contentions in support of its alternative claim for erroneous nonjoinder based on co-inventorship were not warranted by existing law or a nonfrivolous argument for extending, modifying or reversing existing law. *See* Fed. R. Civ. P. 11(b)(2). The Court addresses each argument in turn.

### A.    Iceotope's Factual Contentions

LiquidCool first argues that Iceotope's attorneys failed to conduct a reasonable pre-suit inquiry into the facts underlying Iceotope's substitution-of-inventors claims, and that Iceotope's attorneys knew or should have known that those claims lacked a factual basis. *See* Fed. R. Civ. P. 11(b)(3).

Under 35 U.S.C. § 256, if a patent erroneously names a person as an inventor who is not an inventor (misjoinder) *and* erroneously omits an inventor (nonjoinder), a plaintiff may seek "complete substitution of inventors." *CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1358 (Fed. Cir. 2019) (internal quotation marks omitted). To state a claim for complete substitution of inventors under Section 256, a plaintiff must

plausibly allege facts demonstrating both that the erroneously omitted inventor conceived the invention claimed in the patent *and* that the named inventor on the patent did *not* conceive the invention. *See id.* at 1359 (denying motion to dismiss because the facts alleged in the complaint allowed the reasonable inference that the plaintiff's employee conceived the invention of the disputed patent *and* that the named inventors on the patent did not). Here, Iceotope vaguely alleged that five Iceotope employees conceived the inventions claimed in the LiquidCool Patents. And, based on vague circumstantial evidence that LiquidCool's employees knew about Iceotope's patents, patent applications and whitepapers, Iceotope alleged that LiquidCool's employees did *not* conceive the inventions claimed in the LiquidCool Patents. The Court granted LiquidCool's motion to dismiss these claims because Iceotope's vague allegations failed to *plausibly* allege either element of a substitution-of-inventors claim.

The standard for imposing sanctions under Rule 11 is "whether the attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1009 (8th Cir. 2006) (internal quotation marks omitted). In doing so, a court should not rely on "hindsight" but should instead consider "what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Charland v. Little Six, Inc.*, 112 F. Supp. 2d 858, 867 (D. Minn. 2000) (internal quotation marks omitted). Sanctions under Rule 11 are not warranted merely because the party's claims have weak factual support. *See, e.g.*, *Exec. Air Taxi Corp. v. City of Bismarck, N.D.*, 518 F.3d 562, 571 (8th Cir.

6

2008) (affirming district court's conclusion that the factual basis for the plaintiff's claim was "thin," but "not so baseless as to warrant Rule 11 sanctions" (internal quotation marks omitted)); *Qamunga v. Kings Valley Homeowners Ass'n, Inc.*, No. 18-2800 (PAM/DTS), 2018 WL 6492758, at *2 (D. Minn. Dec. 10, 2018) (concluding that plaintiff's failure to state a claim did not warrant Rule 11 sanctions because nothing indicated that "[p]laintiff's counsel intentionally or recklessly disregarded any duties to the court"); *Kedrowski v. Lycoming Engines*, No. 15-19(DSD/LIB), 2015 WL 2165798, at *6 (D. Minn. May 8, 2015) (same). Thus, to establish that sanctions against Iceotope are warranted, LiquidCool must demonstrate not only that Iceotope's substitution-of-inventors claims were factually baseless, but also that Iceotope's attorneys acted with intentional or reckless disregard for their duties to the Court by advancing those claims.

When determining whether Rule 11 sanctions are warranted, a district court must use an objective standard of reasonableness, *Isakson v. First Nat'l Bank*, 985 F.2d 984, 986 (8th Cir. 1993), and consider factors such as the alleged wrongdoer's history, the severity of the violation and the degree to which malice or bad faith contributed to the violation, *Pope v. Fed. Express Corp.*, 49 F.3d 1327, 1328 (8th Cir. 1995). Here, LiquidCool neither alleges nor presents evidence that Iceotope's attorneys have a history of engaging in sanctioned conduct or other wrongdoing, either in this case or in any other case. To the contrary, Iceotope's attorneys attest under oath that they have never been sanctioned. Nor has LiquidCool alleged or demonstrated that Iceotope's attorneys intentionally presented false or misleading allegations or evidence to the Court. Instead,

LiquidCool essentially contends that Iceotope recklessly advanced factually meritless claims.

According to LiquidCool, Iceotope's attorneys knew that they lacked a factual basis to allege that the named inventors were erroneously included on the LiquidCool Patents or that Iceotope's employees were erroneously omitted from the LiquidCool Patents. Typically, an attorney is subject to sanctions when a "reasonable and competent" attorney would not believe in the merit of a claim presented to the court. *Coonts*, 316 F.3d at 753 (internal quotation marks omitted). Significantly, at the pleading stage, a plaintiff may rely on a "reasonable expectation that discovery will reveal evidence" supporting the allegations in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Here, the Court concluded that Iceotope's allegations were too implausible to state a claim and that the circumstantial inferences Iceotope encouraged the Court to draw from its vague allegations were unreasonable. But the record does *not* reflect that Iceotope's attorneys advanced those allegations in bad faith or without a reasonable expectation that they could secure evidentiary support for those allegations through further investigation and discovery. Indeed, the Court dismissed Iceotope's complaint *without* prejudice, as the record did not necessarily foreclose Iceotope's substitution-of-inventors claims as futile.

LiquidCool emphasizes that it repeatedly warned Iceotope's attorneys about the factual deficiencies in Iceotope's complaint, both before and after Iceotope filed the complaint. And LiquidCool contends that Iceotope's attorneys aggressively threatened

8

future litigation as to the parties' dispute. But a court's application of Rule 11 should recognize "the adversarial nature of a system where attorneys zealously represent their clients." *MHC Inv. Co. v. Racom Corp.*, 323 F.3d 620, 627 (8th Cir. 2003). In an adversarial system, it is hardly unusual for a plaintiff and a defendant to disagree about whether the plaintiff's complaint states a plausible claim for relief, or for a plaintiff to vigorously assert its litigation position. The fact that Iceotope's attorneys disagreed with LiquidCool's position and pursued Iceotope's substitution-of-inventors claims does not demonstrate reckless or bad-faith conduct, notwithstanding the fact that LiquidCool ultimately prevailed on its motion to dismiss. *See Exec. Air Taxi Corp.*, 518 F.3d at 571 (recognizing that sanctions are not warranted merely because a plaintiff's claims lacked merit); *Charland*, 112 F. Supp. 2d at 867 (observing that courts should not rely on hindsight when determining whether an attorney acted recklessly in pursuing meritless claims). Indeed, if Rule 11 sanctions were warranted every time a plaintiff filed a complaint over a defendant's pre-suit objections, courts would be inundated with motions for sanctions following every successful motion to dismiss.

For these reasons, LiquidCool has not demonstrated that Rule 11 sanctions are warranted on this basis.

## B.    Iceotope's Legal Contentions

LiquidCool also argues that Iceotope's attorneys knew or should have known that the legal contentions in support of Iceotope's alternative claim for erroneous nonjoinder were baseless. *See* Fed. R. Civ. P. 11(b)(2).

Nonjoinder is the error of omitting a joint inventor on a patent. *CODA Dev.*, 916 F.3d at 1358. To be added to a patent, "a joint inventor must contribute to the invention's conception." *Id.* "Further, with regard to joint inventorship, there must be some quantum of collaboration." *Id.* at 1359 (internal quotation marks omitted). To satisfy this requirement, "the alleged joint inventor seeking to be listed on a patent must demonstrate that his [or her] labors were conjoined with the efforts of the named inventors." *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1359 (Fed. Cir. 2004). Joint inventorship can arise only "when the inventors have some open line of communication during or in temporal proximity to their inventive efforts." *Id.*

Iceotope's complaint repeatedly and unequivocally asserted that Iceotope was entitled to an order directing the Commissioner for Patents to add Iceotope's employees as "co-inventors" of the LiquidCool Patents. In response to LiquidCool's motion to dismiss, Iceotope persisted in this assertion, arguing that a plaintiff may plead inconsistent claims in the alternative. Yet in its brief, Iceotope contended that "Iceotope does not allege that it collaborated with [LiquidCool] in any manner." At the hearing on LiquidCool's motion to dismiss, the Court repeatedly asked Iceotope's counsel whether Iceotope was claiming joint inventorship and received inconsistent responses. At no time did Iceotope formally withdraw its joint-inventorship claims. As such, the Court granted LiquidCool's motion to dismiss these claims, observing that the complaint lacked *any* allegations—plausible or otherwise—that Iceotope's employees collaborated with LiquidCool or its employees in any way.

10

By presenting to a court any pleading, motion or other document, an attorney certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Here, Iceotope alleged and persisted in asserting joint-inventorship claims while simultaneously conceding that it could not establish an essential element of those claims—namely, collaboration. In doing so, Iceotope incorrectly asserted that allegations and evidence of collaboration are not required to support a joint-inventorship claim. Indeed, Iceotope advanced legal claims that are unwarranted by existing law, which led this Court to conclude that Iceotope's alternative claims for erroneous nonjoinder "fail[ed] as a matter of law."

Iceotope's attorneys now contend that they "thoroughly researched the issue of whether collaboration was required" for Iceotope's joint-inventorship claims and pursued those claims, in the alternative, only "after identifying supportive case law"—namely, *Theranos, Inc. v. Fuisz Pharma LLC*, No. 5:11-cv-05236-PSG, 2013 WL 5304134 (N.D. Cal. Sept. 20, 2013). In its memorandum of law opposing LiquidCool's motion to dismiss, Iceotope argued that it did not need to prove collaboration, asserting that "Iceotope has a valid claim for joint inventorship based on [LiquidCool's] improper use of Iceotope's materials to conceive the claimed invention." In support of this contention, Iceotope relied solely on the decision in *Theranos*. But *Theranos* clearly was inapposite for several reasons. First, joint inventorship was not directly at issue in *Theranos*, which involved a correction-of-inventorship claim based on the alleged theft of intellectual

11

property. 2013 WL 5304134, at *1–2. Second, as Iceotope concedes, the district court in *Theranos* acknowledged that joint inventorship requires "an element of joint behavior." *Id.* at *3. To be sure, the court in *Theranos* observed that "tenuous collaborations" may be sufficient to establish joint behavior, including unwilling collaboration based on one individual's use of materials taken from another individual. *Id.* But Iceotope did not even allege tenuous collaboration. To the contrary, Iceotope unequivocally disavowed any joint behavior, arguing that "Iceotope does not allege that it collaborated with [LiquidCool] *in any manner*." (Emphasis added.) Nor did Iceotope allege any facts suggesting that LiquidCool stole or gained unauthorized access to Iceotope's materials, as the plaintiff alleged in *Theranos*. Third, even if Iceotope's allegations and arguments were consistent with the circumstances in *Theranos*, those allegations and arguments clearly are inconsistent with subsequent binding authority from the Federal Circuit. *See CODA Dev.*, 916 F.3d at 1359 (recognizing that "with regard to joint inventorship, there must be some quantum of collaboration" and "some open line of communication during or in temporal proximity to [the inventors'] inventive efforts" (internal quotation marks omitted)). For these reasons, Iceotope's reliance on *Theranos* lacks merit.

The absence of any legal support for Iceotope's joint-inventorship claims is compounded by the conduct of Iceotope's counsel in pursuing those claims. In a December 7, 2020 letter, before Iceotope filed its complaint, LiquidCool identified the lack of any allegation of collaboration to support a joint-inventorship claim:

> First, you make no allegations regarding any collaboration between the Iceotope Inventors and the named inventors (the

12

"Inventors"). Indeed, you fail to allege even a single communication between them prior to the effective filing dates of the [LiquidCool] Patents. Collaboration in some form is a prerequisite to adding individuals as joint inventors. *E.g., Vanderbilt Univ. v. ICOS Corp.*, 601 F.3d 1297, 1303 (Fed. Cir. 2010) ("each co-inventor [must] engage with the other co-inventors to contribute to a joint conception.")

Iceotope nonetheless filed its complaint two weeks later, asserting joint-inventorship claims without any allegation of collaboration.

Subsequently, in its memorandum of law opposing LiquidCool's motion to dismiss, Iceotope failed to present a colorable argument for extending the reasoning in *Theranos* to this case. Nor did Iceotope attempt to distinguish the Federal Circuit authority that requires collaboration and joint behavior to support a joint-inventorship claim. At the November 2, 2021 hearing on LiquidCool's motion to dismiss, Iceotope's counsel repeatedly asserted that Iceotope was *not* alleging joint inventorship or collaboration:

> THE COURT: So let me track your argument with your allegations. So where in the allegations is it that Iceotope's employees collaborated with LiquidCool's employees?
>
> MR. SOBEL: *We haven't alleged that.* We have --
>
> THE COURT: You have not?
>
> MR. SOBEL: *We have not alleged collaboration because we are not contending that they did collaborate.* We -- collaboration is not required by the statute. As it stands today --
>
> THE COURT: Are you claiming joint inventorship?

13

> MR. SOBEL: As an alternative claim, there is a -- the primary claim is complete substitution.
>
> THE COURT: Are you claiming joint inventorship?
>
> MR. SOBEL: *No.*
>
> THE COURT: Okay.
>
> MR. SOBEL: As an alternative claim, we have a claim that we would be added as co-inventors, but that's a separate matter that's addressed in our brief. I would like to address that second, if we can.
>
> THE COURT: So you are claiming co-inventors or you are not claiming --
>
> MR. SOBEL: *No. Our claim is complete substitution, no co-inventorship.*

(Emphasis added.)   Later in that same hearing, Iceotope's counsel again asserted that

Iceotope was not pursuing joint-inventorship claims *and* acknowledged that collaboration

is an element of such a claim:

> THE COURT: *Because to claim joint inventorship, there must be collaboration, correct?*
>
> MR. SOBEL: *To claim joint inventorship, that's right*, and that there --
>
> THE COURT: And so what allegations pertain to collaboration?
>
> MR. SOBEL: So but *we are claiming that there's not joint inventorship, that we should be the – that Iceotope inventors should be the only inventors on these two patents.*

(Emphasis added.)   These statements contradict the allegations in Iceotope's complaint and the arguments that Iceotope presented to the Court in its memorandum of law opposing LiquidCool's motion to dismiss.

Moreover, Iceotope concedes that it did not withdraw its joint-inventorship claims at the November 2, 2021 hearing or thereafter.   To the contrary, Iceotope's counsel attests that, one month *after* the November 2, 2021 hearing, he "received and reviewed" LiquidCool's draft motion for Rule 11 sanctions and concluded that LiquidCool "failed to identify any controlling precedent that suggested that Iceotope's claims were not cognizable as a matter of law."   As such, Iceotope's attorneys attest that they neither believed that Iceotope should withdraw any of its claims nor advised Iceotope to withdraw any of its claims.

In summary, Iceotope's attorneys repeatedly certified, incorrectly, that Iceotope's joint-inventorship claims "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).   As addressed above, the standard for imposing sanctions under Rule 11 is "whether the attorney's conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Clark*, 460 F.3d at 1009 (internal quotation marks omitted).   For the reasons addressed herein, the manner in which Iceotope's attorneys pursued baseless joint-inventorship claims manifests either intentional or reckless disregard for the attorneys' duties to the court and warrants sanctions under Rule 11.   Indeed, a "reasonable and competent" attorney would not

believe in the merit of Iceotope's joint-inventorship claims or arguments presented to the court. *Coonts*, 316 F.3d at 753 (internal quotation marks omitted).

LiquidCool requests an award of attorneys' fees and costs. Sanctions under Rule 11 may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses *directly resulting from the violation*" and "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4) (emphasis added). LiquidCool has not identified the attorneys' fees and costs it incurred as a direct result of Iceotope's pursuit of its joint-inventorship claims, which represented a relatively small aspect of this litigation. As such, LiquidCool must file a supplemental motion, memorandum of law and supporting documentation in support of its request for reasonable attorneys' fees and costs directly resulting from Iceotope's joint-inventorship claims, consistent with Rule 11(c)(4).

## II.  Unreasonable and Vexatious Litigation Conduct (28 U.S.C. § 1927)

LiquidCool also seeks an order, pursuant to 28 U.S.C. § 1927, requiring Iceotope's attorneys to satisfy personally any award of attorneys' fees and costs.

Section 1927 provides that a district court may require an attorney "to *satisfy personally* the excess costs, expenses, and attorneys' fees reasonably incurred" as a result of that attorney "multipl[ying] the proceedings . . . unreasonably and vexatiously." 28 U.S.C. § 1927 (emphasis added). A motion for sanctions under Section 1927 is governed by the law of the United States Court of Appeals for the Eighth Circuit. *See*

*Nystrom v. TREX Co.*, 424 F.3d 1136, 1141 (Fed. Cir. 2005) ("This court reviews a district court's denial of a motion for sanctions under 28 U.S.C. § 1927 pursuant to the law of the regional circuit."). In the Eighth Circuit, sanctions under Section 1927 are appropriate when "attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Lee v. First Lenders Ins. Servs., Inc.*, 236 F.3d 443, 445 (8th Cir. 2001) (internal quotation marks omitted).

The primary purpose of sanctions under Section 1927 is to deter future intentional misconduct by attorneys. *Beatrice Foods Co. v. New Eng. Printing & Lithographing Co.*, 899 F.2d 1171, 1177 (Fed. Cir. 1990); *see also United States v. Davis*, 52 F.3d 781, 782 (8th Cir. 1995) (recognizing that Section 1927 imposes liability for vexatious litigation to deter such conduct); *Welk v. GMAC Morg., LLC*, 850 F. Supp. 2d 976, 1006 (D. Minn. 2012) ("Section 1927 does not distinguish between winners and losers and is concerned only with limiting the abuse of court processes." (internal quotation marks omitted)). "Because section 1927 is penal in nature, it should be strictly construed so that it does not dampen the legitimate zeal of an attorney in representing [the attorney's] client." *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999) (internal quotation marks omitted). A district court has substantial discretion when ordering sanctions under Section 1927. *Lee*, 236 F.3d at 445.

As addressed above, the manner in which Iceotope's counsel pursued baseless joint-inventorship claims manifests either intentional or reckless disregard for the attorneys' duties to the court. Notably, however, Iceotope alleged its joint-inventorship

17

claims in the alternative and these alternative claims represented a relatively small aspect of this litigation. Indeed, references to the joint-inventorship claims appear in fewer than ten paragraphs of the fifty-two paragraph complaint. Moreover, this litigation did not proceed beyond the pleading stage. And the parties' arguments pertaining to Iceotope's joint-inventorship claims are limited to several paragraphs of the motion to dismiss briefing. As such, the record does not reflect that Iceotope's counsel "unreasonably and vexatiously" multiplied the proceedings in this case, as is required to impose sanctions under Section 1927. 28 U.S.C. § 1927.

Accordingly, LiquidCool's request for sanctions under 28 U.S.C. § 1927 is denied.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1.      Defendant LiquidCool Solutions, Inc.'s (LiquidCool) motions for sanctions, attorneys' fees and costs, (Dkts. 47, 50), are **GRANTED IN PART AND DENIED IN PART** as addressed herein.

2.      LiquidCool shall file a supplemental motion, memorandum of law and supporting documentation in support of its request for reasonable attorneys' fees and costs directly resulting from Iceotope's joint-inventorship claims, consistent with Federal Rule of Civil Procedure 11(c)(4), no later than 30 days after the date of this Order.

3.      Plaintiff Iceotope Group Limited (Iceotope) shall file a response no later than 21 days after LiquidCool files its supplemental motion.

4.      LiquidCool may file a reply no later than 14 days after Iceotope files its response, at which time the Court will take the matter under advisement on the written submissions.


Dated:  September 2, 2022                                s/Wilhelmina M. Wright
                                                        Wilhelmina M. Wright
                                                        United States District Judge