UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Iceotope Group Limited, | Case No. 20-cv-2644 (WMW/JFD) |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES** |
| LiquidCool Solutions, Inc., | |
| Defendant. | |

---

This matter is before the Court on Defendant's supplemental motion for attorneys' fees. (Dkt. 69.) Plaintiff opposes Defendant's motion. For the reasons addressed below, Defendant's motion is granted in part and denied in part.

## BACKGROUND

Plaintiff Iceotope Group Limited claimed in this case that Defendant LiquidCool Solutions, Inc.'s patents for liquid-cooling technology to remove heat from computer equipment did not disclose all inventors of those patents. Specifically, Iceotope claimed that the patent required amendment because Iceotope's employees were the true inventors of the patents. Iceotope sought one of two forms of relief: the complete substitution of Iceotope's employees as the inventors of the patent, and in the alternative, amendment of the patent to include five Iceotope employees as joint inventors of the patent.

In January 2022, the Court granted LiquidCool's motion to dismiss, concluding that that Iceotope had not plausibly alleged either of its claims. Although most of the order addressed the complete-substitution claim, the order also determined that Iceotope had not

alleged—plausibly or otherwise—that its employees collaborated with LiquidCool or its employees in any way, mandating dismissal of the alternative joint-inventorship claim.

Shortly after the entry of judgment, LiquidCool moved for sanctions, attorneys' fees and costs, arguing that Iceotope knew or should have known that its claims were not warranted by law and that its factual allegations lacked evidentiary support. After extensive briefing by the parties, the Court determined that, although Iceotope's conduct in bringing the complete-substitution claim was not sanctionable, "the manner in which Iceotope's attorneys pursued baseless joint-inventorship claims manifest[ed] either intentional or reckless disregard for the attorneys' duties to the court and warrants sanctions under Rule 11." Because LiquidCool had not identified the fees and costs it incurred as a direct result of the Rule 11 violation, Fed. R. Civ. P. 11(c)(4), the Court ordered the parties to file supplemental briefs on the issue. Defendant's supplemental motion for attorneys' fees followed.

## ANALYSIS

A district court has substantial discretion when determining the reasonableness of attorneys' fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Jarrett v. ERC Props., Inc.*, 211 F.3d 1078, 1084–85 (8th Cir. 2000). The burden of establishing that the fees sought are reasonable rests with the party seeking attorneys' fees. *Hensley*, 461 U.S. at 437. Courts employ the lodestar method when determining the amount of reasonable attorneys' fees. *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563–64 (1986). Under this method, the lodestar amount is presumed to be the reasonable fee to

which counsel is entitled. *Id.* at 564; *McDonald v. Armontrout*, 860 F.2d 1456, 1458 (8th Cir. 1988). To calculate the lodestar amount, a district court multiplies the number of hours reasonably expended by a reasonable hourly rate, *Hensley*, 461 U.S. at 433, which must be "in line with [the] prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The party seeking an attorneys' fees award has the burden to establish entitlement to an award with documentation that addresses the nature of the work and the appropriateness of the hourly rates and hours expended. *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley*, 461 U.S. at 437).

## I.     Fees Tied to Rule 11 Violation

Having previously determined that Iceotope's attorneys violated Rule 11(b) and that sanctions in the form of attorneys' fees and costs are warranted, the Court must first determine what portion of LiquidCool's attorney's fees "directly result[ed] from the violation." Fed. R. Civ. P. 11(c)(4). A sanction imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.* After determining what fees resulted from the Rule 11 violation, the Court must then determine whether the fees sought—both the number of hours claimed and the attorneys' billing rates—are reasonable.

LiquidCool asks the Court to award fees of $217,884.67. Iceotope responds that an award of $5,520 is warranted.

A substantial award is justified, LiquidCool argues, because "the joint-inventorship claim was Iceotope's paramount claim." This argument is contrary to the discussion of this claim in both the motion-to-dismiss order and the sanctions order, however. In granting LiquidCool's motion for sanctions, the Court twice stated that this alternative claim "represented a relatively small aspect of this litigation," noted that fewer than ten paragraphs in the 52-paragraph complaint referenced that claim and observed that the "arguments pertaining to Iceotope's joint-inventorship claims are limited to several paragraphs of the motion to dismiss briefing." Of the 13-page order dismissing Iceotope's claims, only a single page addressed the joint-inventorship claim, further demonstrating that the claim was not "paramount."

It may be true, as LiquidCool argues, that a claim with an otherwise small role in the litigation takes a substantial amount of attorney time because it is particularly complex. But joint ownership in the patent context is not a complex concept. The law is clear that, to claim joint ownership, a party must show collaboration between the inventors and the party seeking to be named a joint inventor. *CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1359 (Fed. Cir. 2019). The Court found that "the complaint lacks *any* allegations pertaining to collaboration." And as LiquidCool argued, the joint-inventorship claim was doomed from the start.

LiquidCool's frustration with Iceotope's pursuit of the joint-inventorship claim is understandable. Before Iceotope filed its complaint, LiquidCool told Iceotope that joint inventorship required collaboration. Yet Iceotope persisted in raising the joint-ownership

4

claim. Frustration, however, does not equal attorneys' fees. The record does not support LiquidCool's assertion that nearly forty percent of its fees are attributable to the joint-inventorship claim.

Categorizing its fees by what it calls "implicated tasks," LiquidCool argues that a percentage of the fees for each of these tasks should be taxed against Iceotope. The "implicated tasks" include analysis of the complaint, LiquidCool's motion to dismiss, LiquidCool's motion for sanctions and the instant motion. This breakdown is reasonable and, assuming the hours amassed and fees charged are otherwise reasonable, LiquidCool is entitled to recover a portion of its fees billed to these tasks as attributable to the joint-inventorship claim.

LiquidCool contends that approximately 37% of the attorney time billed for each of these tasks is attributable to the joint-inventorship claim, however. As this claim was only a small aspect of the case, this attribution is too high. LiquidCool may recover 20% of its total fees for the tasks at issue. The total billed amount for these tasks is $442,262.01. Twenty percent of this amount is $88,452.40.

## II.     Reasonableness of Hours and Fees

Iceotope does not challenge the hourly rates LiquidCool's attorneys charged in this matter. In the Court's experience, those rates, ranging from $360 per hour to $685 per hour, are reasonable rates in this community for attorneys with comparable experience in cases such as this. *See Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) ("When determining

5

reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates.").

By any measure, however, the number of hours these attorneys billed for the tasks at issue is very high. LiquidCool contends that its attorneys billed a total of more than 784 hours to analyze the complaint, draft the motion to dismiss, draft the motion for sanctions and supplement the motion for sanctions.

In support of its request for the number of hours billed, LiquidCool cites the American Intellectual Property Law Association's report regarding average fees for different phases of patent litigation. According to LiquidCool, the hours billed here are reasonable for the first two phases of patent litigation: initial case management, and motions, discovery and claim construction.

The analogy LiquidCool draws is inapt, however. Before the parties undertook discovery, this case was resolved pursuant to an early motion to dismiss. A patent case typically involves years of discovery culminating in substantial motion practice regarding claim construction. The hours expended in such a case are simply not akin to what should have been billed in this matter.

Certainly, the risk to LiquidCool should its patents be invalidated was substantial, and as LiquidCool argues, that risk must be taken into account when evaluating the reasonableness of the number of hours billed. But LiquidCool knew that Iceotope was highly unlikely to succeed with respect to the meritless joint-inventorship claim at issue here. Spending nearly 800 hours of attorney time in a case that spanned just over six

months—from filing the complaint to the completion of briefing on the motion to dismiss—is not reasonable. *See Hensley*, 461 U.S. at 434 (finding that, when conducting a lodestar analysis, a district court should exclude "hours that were not reasonably expended"). This case warranted, at most, half of the attorney time that was billed. The Court will further reduce the fee request by 50% to account for overbilling. Accordingly, the total fee award is $44,226.20.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant LiquidCool Solutions, Inc.'s supplemental motion for attorneys' fees (Dkt. 69), is **GRANTED IN PART AND DENIED IN PART** as addressed herein.

2. Iceotope shall pay LiquidCool's reasonable attorneys' fees of $44,226.20.

Dated: February 15, 2023

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge